Statement of tbe Case.
NICHOLLS, J.
The plaintiff appeals from a judgment of the district court rejecting his demand against the defendant for damages for personal injuries received by himself through its fault and that of its officers and agents. In his petition he averred that the American Manufacturing Company, Limited, a corporation organized under the laws of the state of Louisiana, and doing business and having a legal domicile in the city of New Orleans, was indebted to him in the sum of $15,120 as damages for this, to wit:
That about the month of November, 1901, he went into the employ of the defendant as woodworking machinist, to operate themolder at the plant of the company. That as such woodworking machinist he performed in a faithful, competent manner all of the duties required of him under the terms of his employment. That on or about the 1st day of August, 1902, O’Rourke, foreman of the company, ordered him to leave temporarily his place of regular employment at the molder, and to operate the woodworker, a machine with the operation of which he was entirely unfamiliar in the particular class of work which he was by said foreman ordered to perform, namely, the working or reeding of heavier pieces of timber than were ordinarily run through said woodworker. That the foreman, knowing his (petitioner’s) inexperience in the operation of said woodworker in the particular class of work aforesaid, ordered O. G. Fernandez, petitioner’s fellow employé, to instruct him in the operation of said machine in said kind of work by himself operating the same in his presence. That petitioner did attentively observe the instruction given by said Fernandez, and did carefully note the manner in which he (Fernandez) operated the same, and, following said instructions, he did, on three several occasions during the ensuing ten days successfully operate the same in the particular class of work referred to. That on each of these three occasions referred to he operated said woodworker about 1 y2 hours, making his total experience in the operation of said woodworker in this particular class of work amount to not more than 5 hours. That the instruction given him by said Fernandez was entirely inadequate, in that it was a demonstration only, and contained no warning of the large element of danger attached to operating said woodworker in the particular class of work referred to, and failed to admonish petitioner of the unusual precautions necessary to be taken, or to advise him of the attention which must be given to certain parts of the machinery in order to avoid injury to the operator.
That petitioner, never having been by any one so admonished or advised, was totally ignorant of the sources 'of danger in the operation of said woodworker in this particular work. That on the morning of August 11, 1902, while, in accordance with the orders of said O’Rourke, foreman, petitioner was operating said woodworker for the fourth time, and was attempting to run a certain piece of timber through said machine, he met with a painful accident, whereby he lost all the fingers of Ms left hand and part of the hand itself; said hand having been drawn into the knives of said machine. That in consequence of the accident aforesaid it was necessary for petitioner to be removed to the Touro Infirmary, where he underwent a painful surgical operation, and remained some 11 days, and where he still goes about twice a week for the purpose of having his hand dressed, the wound not having entirely healed at the date of the filing of this petition, some nine weeks subsequent to said accident. That this accident was not the result of any *723 lack of due care on his part in the performance of his duties, or any fault of his, or of any failure on his part to perform his duties in exact accordance with the demonstration made him by Fernandez. That said accident was due solely to the omission of Fernandez, or of any one charged with such duty, to inform him of the proper course tp pursue in this emergency, which was the sudden stopping of the machine, resulting from the faulty appliances provided by defendant for the transmission of the power necessary to operate said machine, and to admonish or advise him of the danger incident to operating said machine in said work aforesaid. That the temporary stopping of said woodworker and its subsequent sudden starting was the direct cause of the injury sustained by himself. That, had the belt by which the said machine was driven been properly inspected, and not allowed to become slack or loose, the sudden stopping and starting of the woodworker, which was the direct cause of the injury to petitioner, would not have occurred. Petitioner charged that the accident aforesaid and the damage there-’ by caused to petitioner were due solely to the fault of said defendant company in its failure and neglect to perform and fulfill the duties required by law of the master, to wit:
In failing to provide him with a safe place in which to do his work, and with safe tools, implements, and machinery with which to work, and in failing frequently, regularly, and thoroughly to inspect and guard against dangers and risks arising out of the operation of said woodworker and machinery of defendant aforesaid at its plant, and in failing to warn petitioner of the danger incident to the operation of the said machine in the class of work aforesaid, and in failing to point out to him wherein said danger lay, and in failing to inform petitioner of the latent defect in said machinery. Petitioner further charged that defendant company could easily have provided against the said accident and its consequences by taking the necessary steps to discover the defects in its machinery, and by making such repairs and alterations as would render the machinery safe and sound; all of which the defendant company failed and neglected to do.
Defendant answered, pleading the general issue. The case was tried before the district judge, who dismissed plaintiff’s demand.
Opinion.
The plaintiff in this case was an employé of the defendant company. He had been engaged for a long time in and about establishments doing the same kind of work as was the defendant. He was an experienced and first-class workman. He lost a large portion of his hand in the performance of his duty at one of the machines used in the defendant’s business. He had only worked occasionally at this machine. It was, however, of the same general character as that upon which he habitually worked, though it was used for work of a special kind. We are satisfied from the evidence that it was the less dangerous machine to handle of the two. While the plaintiff knows when he was hurt, and what he was doing at the time of the injury, he is yet uncertain as to what occasioned the accident. I-Iis pleadings almost necessarily were general, and were designedly framed so as to meet any evidence which might be adduced on the trial of the cause. A person suddenly injured, and instantly removed from the scene of his injury, can scarcely reasonably be held to a knowledge of the exact situation at that time, so as to furnish to his counsel facts upon which exact allegations of occurrences could be predicated. Courts in this state are liberal in their requirement as to precision of averment, but when the cause has been tried plaintiff must have established by evidence with judicial certainty that he had been injured while in defendant’s employ, *725 that the defendant had been guilty of failure towards him of duty either by way of omission or commission, and that by reason of this failure of duty and as its cause plaintiff’s injury had been occasioned. Plaintiff’s counsel, referring in their brief to the allegations of their petition, say: “They were made in a sense in the alternative, since his lack of information did not enable them to say with certainty to which particular cause or causes the accident was attributable. This much, however, we do say: The accident was due to the failure of the master to perform one or other of these positive duties. Unless the master can show the accident to have been due to some other cause for which he is not responsible, such as willful negligence on the part of the servant, it is sufficient for the servant to show such incomplete performance of his duties on the part of the master as will show that the accident would have been averted had the master fully complied with the dictates of the law.” This proposition is not legally correct. It is necessary for the plaintiff to establish affirmatively, and by way of connection (as being cause and effect), the fault of the employer and the injury to the employé. This has not been done in this case.
We have to discard, as utterly unsustained by evidence, the theory of the plaintiff that his injury resulted from any defect in the belt connected with the machine on which he was working, or from the manner in which that belt was being used. The belt was inspected immediately after the accident, and found to be good in all respects; and it would be arbitrary assumption for us to debelare that it had not been kept sufficiently tight by those operating the machinery, as plaintiff would have us do. There is not a scintilla of testimony which would justify ■any such conclusion. As matters shaped themselves, defendant’s liability and responsibility, if they exist, would be due either to a failure by defendant to have furnished plaintiff, while engaged about the machine, with what is referred to in the testimony as “a clamp,” or with having failed to inform him that by use of such a clamp he would have placed himself absolutely beyond danger while at work. The testimony shows that there were a number of such clamps in the establishment, easily obtainable by the plaintiff had he wanted one. They were sometimes used at the machine at which plaintiff habitually worked, but were never used at that on which he was working when injured; that it was not called for to insure safety in the operation of that machine. The machine at which the plaintiff habitually worked was so similar in character and so much alike in its operation with that upon which he was working on. the day he was injured as to satisfy us that plaintiff must have known, without any special information having been given to him, that such clamps were at the timé in the factory, subject to call; must have known of the precise object of their use, and of the degree of assistance which they would furnish of absolute safety from danger, had it been deemed necessary. Had it been requisite, however, for information as to such clamps to have been specially given to the plaintiff, we think, under the evidence, that such information was given him by his fellow workman, Fernandez, acting under orders from the foreman, O’Rourke.
Fernandez testified that before the plaintiff went for the first time to work at the machine at which he was injured he was directed by O’Rourke to explain the machine to the plaintiff, and give him information in respect to it; that, acting under such orders, he had done so; that he went with plaintiff to the machine, and took it apart, and reset it, and showed him exactly what to do in starting it, and afterwards in operating it; that he himself, in presence of the *727 plaintiff, made a test of the machine, and showed him by actual demonstration how he could and should satisfy himself as to whether the knives upon it were at the proper height for the purposes of the particular work he would be called on to do; and that not only did he do this, but he warned him specially and particularly not to attempt to ascertain this in a particular manner, which he referred to, as it would be dangerous to do so, citing to him the case of a particular workman who had been injured by proceeding in that manner. Plaintiff admits that Fernandez did everything which he testified to having done except the fact of having had a conversation with him about the manner of testing the machine and warning him against the danger of doing it in any manner different from that which he himself had done in his presence.
The district court was satisfied that such a conversation did take place, and that plaintiff was duly warned by Fernandez. We have no just reason to come to a different conclusion on that point. The testimony satisfies us that the plaintiff, in attempting to test the height of the knives on the morning he was injured, adopted the precise method of doing so against which he had been warned by Fernandez, with the result of receiving the injury which he sustained. Plaintiff claims that he did not adopt that method, but tested the knives precisely in the same manner as Fernandez had done in his presence. The court below did not accept his version of the matter, and we think the evidence sustains it in its conclusions.
Plaintiff was at work on this particular machine for the fourth time after Fernandez gave him his instructions. The latter went upon two of these occasions to see that he was working properly. He testified to having told plaintiff that if he was in any doubt as to what to do to call upon him, and he would instruct him further, but that plaintiff had never done so.
We would not be warranted, under the evidence in this case, in reversing the judgment appealed from. It is hereby affirmed.